UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,                        Case No. 15-CR-163-PP

           Plaintiff,

v.

PHILLIP A. EPICH,

           Defendant.

---

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 53) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 34)**

---

On August 11, 2015, defendant Phillip A. Epich was indicted by a federal grand jury on charges that he knowingly received child pornography and that he knowingly possessed matter containing images of child pornography. Dkt. No. 1. On September 24, 2015, the defendant filed a motion to suppress evidence seized pursuant to a search warrant. Dkt. No. 34 (sealed). The defendant asserted that the search of the defendant's home had resulted from a warrant issued in Virginia, giving the FBI permission to use a "Network Investigative Technique" ("NIT") to determine the identities of registered users of an anonymous web site hosted through a network called "Tor." Id. at 7-8. The defendant argued that the Virginia warrant failed to establish probable cause, was not specific in describing how the NIT would find users of the web site and how it would make sure to find only users who were engaged in illegal activity,

1

did not demonstrate that the NIT was likely to reveal evidence of a crime, and was unlimited in geographic scope. Id. at 10-11.

The government responded to the motion to suppress on October 23, 2015, Dkt. No. 25, and Magistrate Judge David E. Jones issued a report and recommendation on January 21, 2016, Dkt. No. 53. Judge Jones found the defendant's arguments unpersuasive, and recommended that this court deny the defendant's motion to suppress. Id.

The court has reviewed Judge Jones' January 21, 2016 report and recommendation. Judge Jones first disagreed with the defendant's argument that the Virginia warrant was flawed because it did not present sufficient evidence to prove that every person who logged on to the particular web site at issue (which operated through the Tor network, a network which allowed users to mask their IP addresses while they were using any sites on the network). Id. at 13. Judge Jones pointed to the complicated machinations through which users had to go to access the web site (meaning that unintentional users were unlikely to stumble onto it), id. at 14; the fact that the web site's landing page contained images of "partially clothes prepubescent females with their legs spread apart," id. at 15; the existence of statements on the landing page that made it clear that users were not to re-post materials from other web sites, and provided information for compressing large files (such as video files) for distribution, id.; the fact that the site required people to register to use it, and advised registrants to use fake e-mail addresses and emphasized that the site was anonymous, id.; and the fact that once a user went through all of *those*

steps to become a registered user, the user had access to the entire site, which contained "images and/or videos that depicted child pornography," id. at 14-15. The combination of these facts convinced Judge Jones that anyone who ended up as a registered user on the web site was aware that the site contained, among other things, pornographic images of children. Id. at 15.

Judge Jones also found that the fact that one could become a registered user to the web site, and then view only information that did not contain illegal material, did not affect the probable cause determination that the Virginia magistrate judge made in issuing the warrant. Id. at 16-17. As Judge Jones pointed out, the Seventh Circuit has held that "the mere existence of innocent explanations does not necessarily negate probable cause." Id. at 16 (citing United States v. Funches, 327 F.3d 582, 587 (7th Cir. 2003). He found that the fact that the affidavit did not seek to use the NIT to find only frequent users, or only long-term users, did not affect probable cause; the question was whether the information that was presented in the affidavit provided sufficient probable cause, and Judge Jones (and the Virginia magistrate judge) determined that it did. Id. at 17.

Judge Jones also distinguished, on a number of grounds, the Second Circuit case upon which the defendant had relied, United States v. Coreas, 419 F.3d 151 (2nd Cir. 2015). He first pointed out that the Coreas decision (which generally held that "logging on to a website that contains child pornography—in addition to other, legal material—and agreeing to join its e-group does not establish probable cause to search that person's home"—stood in contract to

3

several other courts' decisions to the contrary. Id. at 17-18. He also identified two key differences between the Coreas fact pattern and the defendant's: there was no evidence that the e-group members in Coreas knew the primary purpose of the site they visited, or intended to use any "illicit features," id. at 18; and the warrant in Coreas authorized the fully-intrusive search of the defendant's home and belongings, as opposed to the less intrusive search of web site data authorized by the Virginia warrant in this case, id. at 18-19.

Judge Jones rejected the defendant's argument that the warrant did not comply with the Fourth Amendment particularity requirement, pointing out that it explained who was subject to the search, what information the NIT would obtain, the time period during which the NIT would be used, and how it would be used, as well as bearing attachments describing the place to be searched and the information to be seized. Id. at 19. He also concluded that the warrant contained sufficient information to indicate a probability that the NIT would uncover evidence of a crime, again referring back to the lengths to which the site had gone to make itself anonymous and un-discoverable, and the fact that no registered user could be unaware that the site contained child pornography. Id. at 20.

Finally, Judge Jones rejected the defendant's argument that, because the Virginia warrant was not limited in geographic scope—in other words, because the NIT could capture data about users who physically might be located all over the map—it violated Federal Rule of Criminal Procedure 41, which sets geographic limits on a magistrate judge's authority to issue a warrant. Id.

4

Judge Jones noted, as an aside, that the Supreme Court currently was reviewing a proposed amendment to Rule 41 that would address this very issue. Id. at 22 n.1. To the main point, however, Judge Jones found, as the Seventh Circuit has done, that "violations of federal rules do not justify the exclusion of evidence that has been seized on the basis of probable cause, and with advance judicial approval." Id. at 23 (citing United States v. Cazares-Olivas, 515 F.3d 726, 730 (7th Cir. 2008). Suppression of evidence is rarely, if ever, the remedy for a violation of Rule 41, even if such a violation has occurred. Id. (citing United States v. Berkos, 543 F.3d 392, 396 (7th Cir. 2008).

The defendant has not objected to Judge Jones' recommendation that this court deny the defendant's motion to suppress. While this court is not bound to accept that recommendation, the court's own review of the pleadings and Judge Jones' decision convince this court that Judge Jones' decision was the correct one. This court finds that there was probable cause for the Virginia warrant to issue, and thus that the resulting search of the defendant's home, electronic devices and thumb drive did not violate the Fourth Amendment.

For these reasons, the court adopts Judge Jones' report and recommendation in whole, and incorporates his conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's October 8, 2015 motion to suppress evidence is **DENIED**. (Dkt. No. 34) The court will schedule a

telephonic status conference to discuss setting a final pretrial and trial date.

Dated in Milwaukee, Wisconsin this 14th day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge